IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DR. STEPHEN M. SCHWARTZ, and DR. ALMA SCHWARTZ, </br></br> Plaintiffs, </br></br> vs. </br></br> BANK OF HAWAII CORPORATION, ET AL., </br></br> Defendants. | CIVIL NO. 12-00267 JMS-KSC </br></br> ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER |

## ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

### I. INTRODUCTION

Before the court is a Motion for Temporary Restraining Order ("TRO") filed by *pro se* Plaintiffs Stephen M. Schwartz and Alma Schwartz ("Plaintiffs") on June 26, 2012. In their Motion for TRO, Plaintiffs seek to postpone a foreclosure sale relating to real property located at 72-4075 Alahee Place, Kailua-Kona, Hawaii 96740 ("the subject property"). The foreclosure sale is scheduled to occur on June 29, 2012. The court has reviewed the Motion, the Opposition, and the filings in this action and in other related actions. Based on the following, the Motion for TRO is DENIED.

## II. BACKGROUND

On May 18, 2012, Plaintiffs filed a 66-page document entitled "Action for Relief from Void Judgment Pursuant to Federal Rules of Court 60(B)(2)(3) and (4)" ("the original Complaint"). Doc. No. 1, Compl. The original Complaint makes a variety of confusing allegations against Defendants Bank of Hawaii Corporation, Bank of Hawaii, Peter S. Ho, Derek J. Norris, Mark Rossi, Mary Sellers, Gary Williams, Mitzi Lee, Randy Muraoka, Lawrence Johnson, and Lawrence R. Johnson Construction, Inc. (collectively "Defendants") relating to a promissory note and mortgage secured by the subject property, and a corresponding state court judgment and pending foreclosure proceedings. *Id.* at 2, 4, 11, 22.

On June 26, 2012, Plaintiffs filed a 130-page "Amended Independent Action for Relief from Void Judgment Pursuant to Federal Rules of Court 60(B)(2)(3) and (4)," Doc. No. 23, which the court construes as an Amended Complaint filed in response to a now-moot Motion to Dismiss, which sought to dismiss the original Complaint. The Amended Complaint clarifies in some respects the allegations of the original Complaint by attaching a copy of a Mortgage on the subject property recorded in the Hawaii Bureau of Conveyances on September 6, 2005. The Mortgage corresponds to a Promissory Note of

$1,499,999 secured by the subject property.  *Id.*, Am. Compl. at 16 & Ex. A.  The Amended Complaint also attaches a February 9, 2010 Judgment and Foreclosure Decree from the Circuit Court of the Third Circuit, State of Hawaii.  *Id.* Ex. B.[1]

The record confirms that a foreclosure action concerning the subject property was filed in August 2009 against Plaintiffs by Bank of Hawaii in the Circuit Court of the Third Circuit, State of Hawaii.  Bank of Hawaii prevailed in that action and obtained an Interlocutory Decree of Foreclosure and Order of Sale on February 9, 2010.  *See Bank of Haw. v. Schwartz et al.*, Civ. No. 3CC09-1-00340K (Haw. Cir. Ct), docket available at http://hoohiki2.courts.state.hi.us/jud/Hookiki/main.htm) (last visited June 28, 2012).  After that state court judgment was entered, Plaintiffs filed a counterclaim in that proceeding, raising similar claims that they assert in this action, in an attempt to prevent the foreclosure sale.  *See* Doc. No. 28-2, Defs.' Opp'n Ex. A.  The state court dismissed that counterclaim.  *Id.* Ex. C.

Thereafter, Plaintiffs filed bankruptcy actions in Hawaii and Pennsylvania.  On April 17, 2012, the U.S. Bankruptcy Court for the Eastern District of Pennsylvania ("Pennsylvania Bankruptcy Court") dismissed Plaintiff

---

[1] These Exhibits may be considered to be part of the Amended Complaint for present purposes.  *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Certain written instruments attached to pleadings may be considered part of the pleading.") (citing Fed. R. Civ. P. 10(c)).

Alma Schwartz's bankruptcy action, finding in part that

> pursuant to 11 U.S.C. § 362(d)(4), [Alma Schwartz] filed the petition in this case as part of a scheme to delay, hinder and defraud [Bank of Hawaii] that involved (i) multiple transfers by Debtor and her spouse, Stephen M. Schwartz, or all or part ownership of [the subject property] without the consent of [Bank of Hawaii], whose claim is secured by an interest in [the subject property], and without court approval, and (ii) multiple bankruptcy filings by [Alma Schwartz] and her spouse, Stephen M. Schwartz, affecting [the subject property.]

Doc. No. 28-5, Defs.' Opp'n Ex. 5 (Order of U.S. Bankruptcy Court for the Eastern District of Pennsylvania) at 2. The Pennsylvania Bankruptcy Court further found and ordered that:

> [Bank of Hawaii] is hereby permitted to exercise its state law rights and remedies with respect to the [subject property] by commencing and/or continuing a state foreclosure proceeding, conducting a Sheriff's sale of [the subject property], taking possession of [the subject property], and/or exercising any other remedies to which it is entitled under the Existing Loan Documents . . . in order to recover the obligations and indebtedness due and owing to [Bank of Hawaii] by [Alma Schwartz] and Stephen M. Schwartz[.]

*Id.* at 2-3. As to timing, it found that "[Bank of Hawaii] may immediately enforce and implement this Order and pursue its state law remedies as it relates to [the subject property]." *Id.* at 3.

On June 26, 2012, Plaintiffs filed their Motion for TRO, in which they

4

seek an Order "temporarily enjoining Defendants' [sic] and/or any party from any further action against Plaintiff [sic], including, but not limited to, postponing the Foreclosure Sale to occur on June 29, 2012." Doc. No. 24, Mot. at 3. Defendants (aside from Gary Williams, Lawrence Johnson, Lawrence R. Johnson Construction, Inc., and Guy Sakamoto) filed an Opposition to the Motion on June 28, 2012. Doc. No. 28. Pursuant to Local Rule 7.2(d), the court finds the Motion suitable for disposition without an oral hearing.

### III. STANDARD OF REVIEW

A court may issue a TRO without written or oral notice to the adverse party only if the party requesting the relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Even if such notice is provided, a TRO may issue only if Plaintiffs meet their burden under well-established factors. The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See, e.g.*, *Hawaii v. Gannett Pac. Corp.*, 99 F. Supp. 2d 1241, 1247 (D. Haw. 1999); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is

"substantially identical" to an analysis of a temporary restraining order).

A "preliminary injunction is an extraordinary and drastic remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20; *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). *Winter* emphasized that plaintiffs seeking preliminary relief must demonstrate that "irreparable injury is *likely* in the absence of an injunction." 555 U.S. at 22; *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

## IV. DISCUSSION

Initially, Plaintiffs have not demonstrated that they have fully complied with the requirements of Rule 65. Plaintiffs did not provide any specific *facts* establishing that "immediate and irreparable injury, loss, or damage will result" to Plaintiffs.

More importantly, even if all Defendants have had sufficient notice, Plaintiffs' Motion for TRO fails to establish that Plaintiffs have satisfied all the *Winter* standards. At minimum, Plaintiffs have not established that they are likely to succeed on the merits. Plaintiffs have therefore failed to carry their burden on their Motion for TRO.

The Amended Complaint, construed liberally, alleges that the process whereby Plaintiffs' loan was securitized somehow rendered the Note and Mortgage invalid. *See, e.g.*, Doc. No. 23, Am. Compl. ¶ 305 ("Once a loan is securitized, it forever loses its security (i.e., the Deed of Trust, or the ability for the bank to foreclose on your house)."). Plaintiffs apparently challenge aspects of Pooling Service Agreements, *id.* at 120, and allege that banks are not the real parties at interest when loans are securitized. *Id.* ¶ 320 ("Defendants in their entirety are not the real parties in interest and are committing another massive fraud upon the Plaintiffs[.]"). But "courts have uniformly rejected the argument that securitization

of a mortgage loan provides the mortgagor a cause of action." *Rodenhurst v. Bank of Am.*, 773 F. Supp. 2d 886, 898 (D. Haw. 2011) (citing numerous cases); *Fed. Nat'l Mortg. Ass'n v. Kamakau*, 2012 WL 622169, at *4 (D. Haw. Feb. 23, 2012) (same).

Plaintiffs also argue that the subject judgment is void because there is no evidence "that any of the named Defendants', [sic] were in lawful possession of the original unaltered promissory note upon which Defendants' [sic] relied to acquire their void judgment." Doc. No. 24-1, S. Schwartz Aff. ¶ 5; Doc No. 23, Am. Compl. ¶ 341 ("Bank of Hawaii and/or Bank of Hawaii Corporation does not have in their possession either the Promissory and/or the Deed of Trust or the Mortgage Note and cannot support proper assignment to the depositor, an/or to any trust that is register [sic] through the Security [sic] and Exchange Commission."). This court, however, recently reiterated the well-established rule rejecting this "show me the note theory." *See Pascual v. Aurora Loan Servs.*, 2012 WL 2355531, at *7 (D. Haw. June 19, 2012) (explaining that "courts have soundly rejected borrowers' claims based on a lender's non-possession of and/or failure to produce the [ ] note.") (numerous citations omitted).

Moreover, Plaintiffs' claims seeking to vacate the state court foreclosure judgment are likely barred by the *Rooker-Feldman* doctrine. Plaintiffs

8

cite Federal Rule of Civil Procedure 60(b) as the premise of the relief they seek. Rule 60(b) indeed provides for relief from a judgment in certain situations. Such relief, however, is from a *federal* -- not a state -- judgment. Under *Rooker-Feldman*, federal district courts are precluded from reviewing state court judgments in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Plaintiffs' claims also appear to be barred by 28 U.S.C. § 2283, "which precludes a federal court from granting 'an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress . . .' [and] 'extends not only to injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments.'" *Hicks v. Wells Fargo Bank, N.A.*, 2012 WL 346660, at *2 (D. Haw. Feb. 2, 2012) (denying motion for emergency injunctive relief seeking to prevent ejectment action based upon an allegedly void state court foreclosure judgment); *Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1058 (E.D. Cal. 2009) (denying motion for TRO seeking to enjoin state court detainer action, relying on 28 U.S.C. § 2283); *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990) (similar).

Furthermore, the record establishes that the Pennsylvania Bankruptcy Court has already decided that the state court foreclosure action may proceed. An order from this court granting the requested TRO would be an impermissible collateral attack on an Order of the Pennsylvania Bankruptcy Court. *See, e.g.*, *Adams v. U.S. Attorney's Office*, 2011 WL 3359555, at *1 (D. D.C. Aug. 3, 2011) ("As a general rule applicable here, a federal district court lacks subject matter jurisdiction to review the decisions of another federal court.") (citations omitted).

In short, Plaintiffs' claims seeking to void the state court judgment are -- for multiple independent reasons -- unlikely to succeed on the merits.[2]

Because Plaintiffs have not demonstrated that they are likely to succeed on the merits of their claims seeking to void the state court judgment, they necessarily cannot obtain a TRO -- *Winter* requires all four elements (likelihood of success, likelihood of irreparable harm, a favorable balance of equities, and demonstrating that an *injunction* is in the public interest). *Winter*, 555 U.S. at 20.

---

[2] The Amended Complaint also appears to allege claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). As Defendants point out, however, there is no provision in the FDCPA entitling them to injunctive relief. *See* 15 U.S.C. § 1692k (providing damage remedy for violations). Any FDCPA claims are not grounds to grant a TRO to stop the subject foreclosure.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 28, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Schwartz et al. v. Bank of Hawaii Corporation et al.*, Civ. No. 12-00267 JMS-KSC, Order Denying Plaintiffs' Motion for Temporary Restraining Order