IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DR. STEPHEN M. SCHWARTZ and DR. ALMA SCHWARTZ, | CIVIL NO. 12-00267 JMS-KSC |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING |
| vs. | PLAINTIFFS' MOTION FOR LEAVE OF COURT TO FILE |
| BANK OF HAWAII CORPORATION, ET AL., | SECOND AMENDED COMPLAINT |
| Defendants. | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING PLAINTIFFS' MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT**

**I. INTRODUCTION**

On June 26, 2012, *pro se* Plaintiffs Stephen M. Schwartz and Alma Schwartz ("Plaintiffs") filed an Amended Complaint entitled "Amended Independent Action for Relief from Void Judgment Pursuant to Federal Rules of Court 60(B)(2)(3) and (4)." Doc. No. 23, Am. Compl. Defendants Bank of Hawaii Corporation, Bank of Hawaii, Peter S. Ho, Derek J. Norris, Mark Rossi, Mary E. Sellers, Mitzi A. Lee, Randy Muraoka, and Guy Sakamoto (collectively "BOH Defendants") have filed a Motion to Dismiss the Amended Complaint for

lack of subject matter jurisdiction and/or for failure to state a claim.[1] Plaintiffs oppose the Motion to Dismiss and have filed a Motion for Leave of Court to File Second Amended Complaint ("Motion for Leave to Amend"). Doc. No. 33. Based on the following, the Motion to Dismiss is GRANTED, and the Motion for Leave to Amend is DENIED. The Clerk of Court shall close the case file.

## II. BACKGROUND

**A. Factual Background**

Plaintiffs' 130-page Amended Complaint concerns a February 2010 state court judgment, decree of foreclosure, and corresponding foreclosure sale proceedings relating to a Promissory Note and Mortgage as to real property located at 72-4075 Alahee Place, Kailua-Kona, Hawaii 96740 ("the subject property").

---

[1] The individuals -- Peter S. Ho, Derek J. Norris, Mark Rossi, Mary Sellers, Mitzi Lee, Randy Muraoka, and Guy Sakamoto -- were named as Defendants in the caption of the Amended Complaint, and were referenced in the pleading. Doc. No. 23, Am. Compl. at 4-8. The court has thus denominated them as co-Defendants. Plaintiffs indicate in their Opposition that "no individual Defendants are being sued" and that their action "is a one issue case directed at the egregiously fraudulent subject matter underlying the mortgage." Doc. No. 32, Pls.' Opp'n at 2, 4. Plaintiffs label and refer to these individuals as "additional persons of interest," rather than as Defendants. Doc. No. 34, Proposed Second Am. Compl. at 4. Thus, these individual Defendants are DISMISSED regardless of the other reasons for dismissal set forth in this Order.

Other nominal Defendants (Gary Williams, Charter Funding, "Lawrence Johnson, Builder," and Lawrence Johnson Construction, Inc.) have apparently not been served and have not appeared in the action. They are dismissed for the same reasons that the BOH Defendants are dismissed. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) (upholding dismissal in favor of a party which had not appeared, on the basis of facts presented by other defendants which had moved to dismiss) (citations omitted); *Omar v. Sea-Land Serv.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

The Amended Complaint attaches a copy of a Mortgage on the subject property recorded in the Hawaii Bureau of Conveyances on September 6, 2005. The Mortgage corresponds to a Promissory Note of $1,499,999 secured by the subject property. Doc. No. 23, Am. Compl. at 16 & Ex. A. The Amended Complaint also attaches a February 9, 2010 Judgment and Foreclosure Decree ("February 2010 State Court Judgment") from the Circuit Court of the Third Circuit, State of Hawaii. *Id.* Ex. B.[2] The Amended Complaint seeks, pursuant to provisions of Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), to void the February 2010 State Court Judgment, and to enjoin further proceedings related to the corresponding foreclosure sale.

The record confirms that a foreclosure action concerning the subject property was filed in August 2009 against Plaintiffs by Bank of Hawaii in the Circuit Court of the Third Circuit, State of Hawaii. Bank of Hawaii prevailed in that action and obtained an Interlocutory Decree of Foreclosure and Order of Sale on February 9, 2010. *See Bank of Haw. v. Schwartz et al.*, Civ. No. 3CC09-1-00340K (Haw. Cir. Ct), docket available at http://hoohiki2.courts.state.hi.us/main.htm) (last visited Sept. 4, 2012). After the February 2010 State Court

---

[2] These Exhibits may be considered to be part of the Amended Complaint for present purposes. *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Certain written instruments attached to pleadings may be considered part of the pleading.") (citing Fed. R. Civ. P. 10(c)).

Judgment was entered, Plaintiffs filed a counterclaim in that proceeding, raising similar claims that they assert in this action, in an attempt to prevent the foreclosure sale. *See* Doc. No. 28-2, Defs.' Opp'n to Pls.' Mot. for Temporary Restraining Order ("TRO"), Ex. A. The state court dismissed that counterclaim. *Id.* Ex. C.

Thereafter, Plaintiffs filed bankruptcy actions in Hawaii and Pennsylvania. On April 17, 2012, the U.S. Bankruptcy Court for the Eastern District of Pennsylvania ("Pennsylvania Bankruptcy Court") dismissed Plaintiff Alma Schwartz's bankruptcy action, finding in part that

> pursuant to 11 U.S.C. § 362(d)(4), [Alma Schwartz] filed the petition in this case as part of a scheme to delay, hinder and defraud [Bank of Hawaii] that involved (i) multiple transfers by Debtor and her spouse, Stephen M. Schwartz, of all or part ownership of [the subject property] without the consent of [Bank of Hawaii], whose claim is secured by an interest in [the subject property], and without court approval, and (ii) multiple bankruptcy filings by [Alma Schwartz] and her spouse, Stephen M. Schwartz, affecting [the subject property].

Doc. No. 28-5, Defs.' Opp'n to Pls.' Mot. for TRO, Ex. 5 (Order of U.S. Bankruptcy Court for the Eastern District of Pennsylvania) at 2. The Pennsylvania Bankruptcy Court further found and ordered that:

> [Bank of Hawaii] is hereby permitted to exercise its state law rights and remedies with respect to the [subject property] by commencing and/or continuing a state

4

> foreclosure proceeding, conducting a Sheriff's sale of
> [the subject property], taking possession of [the subject
> property], and/or exercising any other remedies to which
> it is entitled under the Existing Loan Documents . . . in
> order to recover the obligations and indebtedness due and
> owing to [Bank of Hawaii] by [Alma Schwartz] and
> Stephen M. Schwartz[.]

*Id.* at 2-3. As to timing, it found that "[Bank of Hawaii] may immediately enforce and implement this Order and pursue its state law remedies as it relates to [the subject property]." *Id.* at 3.

**B.     Procedural Background**

The action was filed on May 18, 2012. On June 26, 2012, Plaintiffs filed a Motion for TRO, which sought an Order "temporarily enjoining Defendants' [sic] and/or any party from any further action against Plaintiff [sic], including, but not limited to, postponing the Foreclosure Sale to occur on June 29, 2012." Doc. No. 24, Pls.' Mot. for TRO at 3. The court denied the Motion for TRO on June 28, 2012. *See* Doc. No. 29, Order Denying Pls.' Mot. for TRO.

On July 13, 2012, the BOH Defendants filed their Motion to Dismiss. Doc. No. 30. On August 9, 2012, Plaintiffs filed their Opposition and Motion for Leave to Amend. Doc. Nos. 32 & 33. On August 10, 2012, Plaintiffs also filed exhibits and affidavits that attempt to explain the theories in their Amended Complaint. Doc. Nos. 38-44. On August 16, 2012, the BOH Defendants filed a

combined Reply in support of their Motion to Dismiss and Opposition to the Motion for Leave to Amend. Doc. No. 46. Plaintiffs filed their Reply as to their Motion for Leave to Amend on August 24, 2012, Doc. No. 49, and an affidavit of Dr. Stephen Schwartz on August 27, 2012. Doc. No. 51. The court decides the matters without an oral hearing under Local Rule 7.2(d).

### III. STANDARDS OF REVIEW

**A.     Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. A Rule 12(b)(1) jurisdictional attack is either facial (attacking the sufficiency of the complaint's allegations to invoke federal jurisdiction) or factual (disputing the truth of the allegations of the complaint). *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* But in a factual attack "[w]here the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). In such case, "no presumptive truthfulness

attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself" the existence of subject matter jurisdiction. *Id.*

**B.    Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

**C.    Motion for Leave to Amend**

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." If the facts and circumstances a plaintiff relies upon may be a proper subject of relief, the plaintiff should be afforded an opportunity to test his claims on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In determining whether to grant leave to amend, courts consider factors such as: futility of the amendment; bad faith by the plaintiff; whether the amendment will cause undue delay; whether it will prejudice the opposing party; and whether the plaintiff failed to cure deficiencies in prior amendments. *Id.* But not all of these factors carry equal weight. *Eminence*

*Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). An amendment is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

## IV. **DISCUSSION**

The court addressed many of Plaintiffs' claims when it denied Plaintiffs' Motion for TRO, indicating it was not likely that Plaintiffs could succeed on the merits. *See* Doc. No. 29, Order Denying Pls.' Mot. for TRO at 7. Plaintiffs' new filings (including their proposed Second Amended Complaint) have not changed this court's view. The court addresses the separate grounds for dismissing the action below.

### A. Securitization/Monetization

The Amended Complaint, construed liberally, alleges that the process whereby Plaintiffs' loan was securitized somehow rendered the Note and Mortgage from 2005 on the subject property to be invalid. *See, e.g.*, Doc. No. 23, Am. Compl. ¶ 305 ("Once a loan is securitized, it forever loses its security (i.e., the Deed of Trust, or the ability for the bank to foreclose on your house)."). Plaintiffs

9

apparently challenge aspects of a Pooling Service Agreement, *id.* at 120, and allege that banks are not the real parties at interest when loans are securitized. *Id.* ¶ 320 ("Defendants in their entirety are not the real parties in interest and are committing another massive fraud upon the Plaintiffs[.]"). But "courts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor a cause of action." *Rodenhurst v. Bank of Am.*, 773 F. Supp. 2d 886, 898 (D. Haw. 2011) (citing numerous cases); *Fed. Nat'l Mortg. Ass'n v. Kamakau*, 2012 WL 622169, at *4 (D. Haw. Feb. 23, 2012) (same).

Plaintiffs now argue that "[s]ecuritization is inapposite to the instant matter." Doc. No. 32, Pls.' Opp'n at 11. Rather, Plaintiffs claim to be "challenging monetization." *Id.* They offer expert testimony for "the objectively existential basis for the particulars plead regarding money creation/monetization." *Id.*; *see* Doc. Nos. 38-44, Zajac, Timmerman, Paoletta Affs. & Exs. 11-16. Plaintiffs appear to be attempting to attack the legitimacy and constitutionality of the entire American banking system. *See* Doc. No. 50, Paoletta Aff. (entitled "Is the Banking System of the United States Constitutional? The Answer is NO!"). Nevertheless, Plaintiffs present no coherent theory that renders the February 2010 State Court Judgment invalid, and courts have rejected similar "securitization/monetization" arguments as constituting a basis for a claim for

fraud. *See, e.g.*, *Bennett v. One West Bank*, 2011 WL 2493699, at *6 (S.D. Cal. June 23, 2011) (dismissing a claim that mortgagors "did not 'obtain[ ] plaintiff's consent to Monetize the Promissory Note in a transfer to another mortgage pool in violation of the statute of fraud[s] . . . as well as in violation of pertinent securities and banking laws.'"); *Spence v. Wells Fargo Bank, N.A.*, 2011 WL 1466689, at *3 (E.D. Cal. Apr. 18, 2011) (rejecting claim that "[the] note like most others has been sold and monetized [and thus] the Lender has 'received payment of all sums secured.'") (brackets in original).

Plaintiffs also argue that the subject judgment is void because there is no evidence "that any of the named Defendants', [sic] were in lawful possession of the original unaltered promissory note upon which Defendants' [sic] relied to acquire their void judgment." Doc. No. 24-1, S. Schwartz Aff. ¶ 5; Doc No. 23, Am. Compl. ¶ 341 ("Bank of Hawaii and/or Bank of Hawaii Corporation does not have in their possession either the Promissory and/or the Deed of Trust or the Mortgage Note and cannot support proper assignment to the depositor, and/or to any trust that is register [sic] through the Security [sic] and Exchange Commission."). This court, however, continues to follow the well-established rule rejecting this "show me the note theory." *See Pascual v. Aurora Loan Servs.*, 2012 WL 2355531, at *7 (D. Haw. June 19, 2012) (explaining that "courts have soundly

11

rejected borrowers' claims based on a lender's non-possession of and/or failure to produce the [ ] note.") (numerous citations omitted).

## B.     Rule 60(b) and the *Rooker/Feldman* Doctrine

In any event, Plaintiffs' Amended Complaint relies solely on Rule 60(b) (as does their proposed Second Amended Complaint) in seeking to void the February 2010 State Court Judgment. *See* Doc. No. 23, Am. Compl. ¶ 1; Doc. No. 34, Proposed Second Am. Compl. ¶ 1. In their Opposition, Plaintiffs confirm that they seek to void a state court judgment under Rule 60(b). *See* Doc. No. 32, Pls.' Opp'n at 2 ("[T]he instant action is purely a Rule 60(b) matter seeking to have a void judgment stricken."). As such, the action is barred by the *Rooker-Feldman* doctrine, and thus fails for lack of subject matter jurisdiction. *See, e.g.*, *Henrichs v. Valley View Dev.*, 474 F.3d 609, 614 (9th Cir. 2007) (holding that "a request to declare the state court judgment void seeks redress from an injury caused by the state court itself," and is "squarely barred by [the] *Rooker-Feldman* [doctrine]"); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ("Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.").

Some authority recognizes that Rule 60(b) authorizes a federal district court in limited situations to vacate another district court's judgment as void. Such

12

a situation, however, appears to be limited to "extraordinary circumstances," *see, e.g.*, *Budget Blinds, Inc. v. White*, 536 F.3d 244, 254 (3d Cir. 2008), or where a default judgment was entered without jurisdiction (and where that void judgment had been registered in a different federal court under 28 U.S.C. § 1963). *See id.* at 259-60.[3] Here, however, Plaintiffs are improperly seeking to use Rule 60(b) to vacate a state court -- not a federal court -- judgment. *See, e.g.*, *Holder v. Simon*, 384 Fed. Appx. 669, 2010 WL 2545643, at *1 (9th Cir. June 21, 2010) ("Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment."); *de Mol v. Grand Canyon Title Agency*, 2010 WL 4269534, at *1 (D. Ariz. Oct. 25, 2010) ("Rule 60(b) applies only to federal court judgments and not to state court proceedings") (citations and internal quotation marks omitted). Rather, in this context, the *Rooker-Feldman* doctrine applies. *See, e.g.*, *Copeland v. City of Akron*, 2012 WL 1358505, at *3 (N.D. Ohio, Apr. 19, 2012) (stating that "[p]rocedurally, a Rule 60(b) motion does not permit the Court to overturn a State court judgment," and dismissing action as barred by *Rooker-Feldman*).

        Under *Rooker-Feldman*, federal district courts are precluded from

---

[3] The BOH Defendants are not attempting to enforce the February 2010 State Court Judgment in this court, and the record indicates that the State Court had jurisdiction to enter that Judgment.

reviewing state court judgments in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Plaintiffs' action seeks to do just that -- the state court entered a foreclosure judgment and rejected their counterclaims regarding the legality of the underlying loan transaction, and they seek to void the February 2010 State Court Judgment and halt corresponding foreclosure sale proceedings (an "injury" caused by the 2010 State Court Judgment). This action is barred by the *Rooker-Feldman* doctrine. *See Henrichs*, 474 F.3d at 614.[4]

---

[4] Plaintiffs cite *Gonzalez v. Crosby*, 545 U.S. 524 (2005), for the proposition that Rule 60(b) is an exception to finality and enables a litigant to seek relief from a final state judgment. Doc. No. 32, Pls.' Opp'n at 6. *Gonzalez*, however, addressed the parameters of a Rule 60(b) motion in conjunction with a motion under 28 U.S.C. § 2254 (which allows, in certain circumstances, federal review of a state court criminal judgment). *Gonzalez* does not address whether Rule 60(b) may be used to void a state court judgment in an ordinary civil case, where *Rooker/Feldman* principles apply. *See, e.g.*, *Reardon v. Leason*, 408 Fed. Appx. 551, 553 & n.3 (3d Cir. 2010) (reasoning that "Rule 60(b)(4) provides for relief from judgment only when the court that rendered the judgment lacked jurisdiction over the subject matter or the parties," and noting that "because [the plaintiff] is effectively asking the District Court to void a state court conviction, he is barred from doing so under the *Rooker-Feldman* doctrine").

Likewise, Plaintiffs cite *Old Wayne Mutual Life Association v. McDonough*, 204 U.S. 8 (1907), for the proposition that a state court judgment that is void may be challenged in any court. *McDonough*, however, vacated for lack of due process a state court judgment that had been affirmed by the Supreme Court of Indiana -- it does not allow a federal district court to review a state court judgment. Hawaii's appellate courts are (or were) available for Plaintiffs to challenge a Judgment of Hawaii's state courts.

## C. Anti-Injunction Act and Prior Bankruptcy Court Orders

Moreover, Plaintiffs' claims seeking to enjoin any ongoing foreclosure sale proceedings (including ongoing confirmation of sale proceedings) are also barred by the Anti-Injunction Act, 28 U.S.C. § 2283, "which precludes a federal court from granting 'an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress . . .' [and] 'extends not only to injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments.'" *Hicks v. Wells Fargo Bank, N.A.*, 2012 WL 346660, at *2 (D. Haw. Feb. 2, 2012) (denying motion for emergency injunctive relief seeking to prevent ejectment action based upon an allegedly void state court foreclosure judgment); *Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1058 (E.D. Cal. 2009) (denying motion for TRO seeking to enjoin state court detainer action, relying on 28 U.S.C. § 2283); *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990) (similar).

Furthermore, the record establishes that the Pennsylvania Bankruptcy Court has already decided that the state court foreclosure action may proceed. An order from this court voiding the 2010 State Court judgment would amount to an impermissible collateral attack on an Order of the Pennsylvania Bankruptcy Court. *See, e.g.*, *Adams v. U.S. Attorney's Office*, 2011 WL 3359555, at *1 (D. D.C. Aug.

15

3, 2011) ("As a general rule applicable here, a federal district court lacks subject matter jurisdiction to review the decisions of another federal court.") (citations omitted).

In short, Plaintiffs' action seeking to void the state court judgment -- for multiple independent reasons -- fails to state a claim.[5]

**D.     Motion for Leave to Amend**

Plaintiffs have also filed a Motion for Leave to Amend, seeking to file a Second Amended Complaint and recognizing that their 130-page Amended Complaint contains extraneous, prolix, and unnecessary language. *See* Doc. No. 33, Pls.' Mot. to Amend at 2 (stating that "the complaint could be excised of much paragraph surplusage . . . and thus produce a shorter and plainer pleading for adjudication" and that "some averments should be redrafted to more succinctly amplify and articulate the claim to be stated in fewer but better words").

Nevertheless, the court concludes that further amendment would be

---

[5] The Amended Complaint also appears to allege claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). *See, e.g.*, Doc. No. 23, Am. Compl. ¶ 216 ("Defendant[s], individually and/or collectively . . . engaged in an enterprise by employing false, deceptive, or misleading representations or means, in violation of the FDCPA"). Defendants have pointed out, however, there is no provision in the FDCPA entitling Plaintiffs to injunctive relief. *See* 15 U.S.C. § 1692k (providing damage remedy for violations). Plaintiffs have clarified in their Opposition that they "are not suing over FDCPA violations here, but are merely emphasizing that arguable violations have occurred." Doc. No. 32, Pls.' Opp'n at 12. Thus, to the extent the Amended Complaint asserts claims under the FDCPA, such claims are DISMISSED regardless of the other grounds for dismissal set forth in this Order.

futile. Plaintiffs' Motion to Amend and their corresponding proposed Second Amended Complaint make clear that the action would still be based solely on Rule 60(b) and would be seeking to void the February 2010 State Court Judgment. *See* Doc. No. 34, Proposed Second Am. Compl. at 1-2 ("seeking a Declaration that the Default Judgment dated January 5, 2010 and the Summary Judgment dated February 9, 2010 be vacated under Hawaii Federal Rule of Civil Procedure 60(b)"); Doc. No. 32, Pls.' Opp'n at 2 (indicating that "the instant action is purely a Rule 60(b) matter seeking to have a void judgment stricken"). Plaintiffs' latest filings indicate their theory is based on challenging the entire American banking system.

        Thus, the proposed Second Amended Complaint -- even with clearer factual allegations -- would be barred and the court would still lack subject matter jurisdiction to void the February 2010 State Court judgment. Because further amendment would be futile, the court DENIES Plaintiffs' Motion for Leave to Amend. *See, e.g.*, *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) ("Although leave to amend a deficient complaint shall be freely given when justice so requires, Fed. R. Civ. P. 15(a), leave may be denied if amendment of the complaint would be futile."); *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009) (reiterating that "futility of amendment alone can

justify the denial of a motion [to amend]") (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment.") (quoting *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002)).

## V. **CONCLUSION**

For the foregoing reasons, BOH Defendants' Motion to Dismiss is GRANTED with prejudice, and Plaintiffs' Motion for Leave to Amend is DENIED. Any other Defendants are also dismissed as noted on page two of this Order. Judgment shall issue in favor of Defendants. The Clerk of Court shall close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, Sept. 4, 2012.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Schwartz et al. v. Bank of Haw. Corp. et al.*, Civ. No. 12-00267 JMS-KSC, Order Granting Defendants' Motion to Dismiss, and Denying Plaintiffs' Motion for Leave of Court to File Second Amended Complaint